# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD BILLINGS,

                Petitioner,

v.

DANIEL M. CROMWELL,

                Respondent.

Case No. 25-CV-1504-JPS

**ORDER**

      Petitioner Donald Billings ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. ECF No. 1. This Order screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

      Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

      As an initial matter, the Court finds that the petition does not list the grounds for relief with particularity. Habeas Rule 2(c) requires that a

petition "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Supreme Court has observed that this requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners *plead with particularity* is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* (emphasis added).

Here, Petitioner lists the following four grounds for relief: (1) "While selection [sic] the jury. Trial counsel for MB Billings objected to the jury panel which did not include any African Americans…."; (2) "Ballistics test was not performed in this case…."; (3) "The latent print examiner attempted to use forensic evidence but testified there is no particular quality or quantity of information to call a print and[sic] identification…."; and (4) "The court appeal decision conflict with binding precedent…." ECF No. 1 at 6–9. The Court construes all pro se filings liberally, however, the Court is unable to discern the federal constitutional challenges Petitioner is attempting to raise in the petition. It appears, that Petitioner is attempting to raise a sufficiency of the evidence claim in grounds two and three; however, it is somewhat unclear whether he is challenging the evidence or whether he is challenging trial counsel's handling of the case.

Additionally, the Court notes that it appears that Petitioner has only exhausted two claims in the state courts. *See State v. Billings*, 2025 WI App 59, ¶ 1 ("He argues: (1) that he was denied the right to a trial by a fair and impartial jury; and (2) that there was insufficient evidence presented at trial to support his conviction for first-degree intentional homicide."). Petitioner is reminded that the Court may not address grounds raised in a habeas

petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Further, "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Based on the petition, it does not appear that Petitioner is currently trying to exhaust any additional claims other than the two addressed by the Wisconsin Court of Appeals in its June 2024 decision.

The Court will allow Petitioner an opportunity to file an amended petition. Petitioner must file an amended petition on or before **December 18, 2025**. Petitioner must comply with the Court's guidance to list his grounds for relief in the amended petition with particularity and to only bring claims that have been exhausted in the state courts. Petitioner is warned that the failure to file an amended petition may result in the dismissal of this action for the failure to prosecute.

Accordingly,

**IT IS ORDERED** that Petitioner must file an amended petition on or before **December 18, 2025**; the failure to file an amended petition may result in the dismissal of this action for the failure to prosecute; and

**IT IS FURTHER ORDERED** that the Clerk of Court send Petitioner a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2025.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.