# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD BILLINGS,

               Petitioner,

v.

DANIEL M. CROMWELL,

               Respondent.

Case No. 25-CV-1504-JPS

**ORDER**

## 1.    INTRODUCTION

Petitioner Donald Billings ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. ECF No. 1. The Court initially screened the petition and found itself "unable to discern the federal constitutional challenges Petitioner [was] attempting to raise." ECF No. 5 at 2. It also noted that the petition may have been trying to raise claims that were not exhausted before the Wisconsin state courts. *Id.* at 2–3. Accordingly, the Court allowed Petitioner to amend his petition. *Id.* at 3. He did so. ECF No. 6. This Order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2.    SCREENING STANDARD

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that

are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

3.    **ANALYSIS**

Petitioner was convicted of first degree intentional homicide and possession of a firearm as a felon in Winnebago County Circuit Court in 2021. ECF No. 6 at 2. He challenges these convictions, asserting two grounds for relief in his amended petition. First, he argues that he was denied a trial by a fair and impartial jury and was deprived of equal protection because the jury panel from which the jury in his case was selected did not include African American individuals and "violate[d] the fair cross section requirement." *Id.* at 5. Second, he asserts that there was insufficient evidence to support his conviction for first degree intentional homicide. *Id.* at 6.

    **3.1    Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied review of Petitioner's direct appeal petition on November 12, 2024. ECF No. 6 at 3. He sought certiorari with the U.S. Supreme Court, which was denied on March 24, 2025. *Id.* at 11. Thus, his judgment became final on March 24, 2025, and any petition for habeas relief had to be filed by March 24, 2026. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his initial petition in September 2025. ECF No. 1. His petition was filed well within a year of his judgment becoming final and is therefore timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Petitioner fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). However, for purposes of exhaustion, pro se petitioners are held to a more lenient standard than counseled petitions. *Lieberman v. Thomas*, 505 F.3d 665, 671 (7th Cir. 2007).

A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). General appeals before the state courts to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Once the state's highest court has had a full and fair opportunity to pass upon the merits of

the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Petitioner presented the following arguments to the Wisconsin Court of Appeals: "(1) that he was denied the right to a trial by a fair and impartial jury; and (2) that there was insufficient evidence presented at trial to support his conviction for first-degree intentional homicide." *State v. Billings*, 26 N.W.3d 773, ¶ 1 (Wis. Ct. App.) (Table), *review denied*, 15 N.W.3d 761, *and cert. denied*, 145 S. Ct. 1453 (2025). Broadly speaking, these arguments track Petitioner's arguments now before this Court.

The Court notes that the Wisconsin Court of Appeals' decision on Petitioner's insufficiency of the evidence argument addresses different evidence than Petitioner now asserts in support of this ground for habeas relief. *Compare id.* at ¶¶ 9–14 with ECF No. 6 at 7–8. The Court will leave for later determination whether the Wisconsin Court of Appeals had an adequate opportunity to address Petitioner's specific insufficiency of the evidence arguments in his amended § 2254 petition. For now, the Court is satisfied that Petitioner has exhausted his two asserted grounds for habeas relief.

### 3.3    Procedural Default

The Court next determines whether Petitioner has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838,

848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Subject to the caveat stated above regarding the particulars of Petitioner's insufficiency of the evidence argument, the Court is satisfied at this stage that Petitioner has not procedurally defaulted either of his asserted grounds for relief.

### 3.4    Frivolous Claims

The Court concludes its Rule 4 review by screening Petitioner's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Petitioner's claims, they do not appear plainly frivolous.

## 4.    CONCLUSION

For the reasons stated above, the two grounds for relief in the amended petition may proceed past screening. The case will proceed as explained below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1.    Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.    If Respondent files an answer, then the parties should abide by the following briefing schedule:

a.    Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus

should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b.     Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

c.     Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3.     If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a.     Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b.     Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern

District of Wisconsin, a copy of the amended petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**<u>DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS</u>**. If mail is received directly to the Court's chambers, **<u>IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE</u>**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **<u>IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE</u>**.